# IN THE UNITED STATES DISTRICT COURT
## FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

JEFFREY DUNKEL,              :        No. 3:13cv638
           **Plaintiff**     :
                             :        **(Judge Munley)**
     **v.**                  :
                             :
**MT. CARBON/NORTH MANHEIM**  :
**FIRE COMPANY** *d/b/a/ Mt. Carbon*  :
*Fire Company*, **LARRY MOORE,**  :
**CHRIS WALTERS, KYLE**       :
**STROKELITUS, ROSE**         :
**BOOTERBAUGH, LEN RADZIEWICZ** :
**and CAL ETHERINGTON,**      :
           **Defendants**    :
::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::

## MEMORANDUM

Before the court is defendants' motion to dismiss plaintiff's civil rights complaint pursuant to Federal Rule of Civil Procedure 12(b)(6) for failure to state a claim upon which relief can be granted. (Doc. 13). This matter is fully briefed and ripe for disposition. For the following reasons, the court will grant in part and deny in part the motion to dismiss.

## Background

This civil rights lawsuit arises from Defendants Larry Moore, Chris Walters, Kyle Strokelitus, Rose Booterbaugh, Len Radziewicz and Cal Etherington's (collectively "trustees") decision to terminate Plaintiff Jeffrey Dunkel's (hereinafter "Dunkel") membership in the Mt. Carbon/North Manheim

Fire Company (hereinafter the "fire company").  On February 5, 2012, a man in the community went missing.  (Doc. 1, Compl. (hereinafter "Compl.") ¶ 15).  Dunkel, a friend of the man's family, used the fire company's parking lot and building as a public meeting point to coordinate searches.  (Id. ¶¶ 15-18).

On March 1, 2012, twenty individuals, including at least six members of the fire company, attended a search party meeting at the fire company.  (Id. ¶¶ 18, 32, 38).  The meeting lasted less than an hour.  (Id. ¶ 18).  Following the meeting, "many of the people involved remained to socialize and drank beverages, some of which were alcoholic."  (Id.)  Because alcohol was present during the meeting, the trustees, without notice to Dunkel, suspended him for two weeks.  (Id. ¶¶ 18-20, 32, 38).

Subsequent to Dunkel's March 2012 suspension, he posted a message on Facebook.  (Id. ¶ 21).  Dunkel's post called the fire company's trustees "cowards" for suspending him.  (Id. ¶ 21).  Dunkel also complained that the trustees suspended him for helping a family in need.  (Id.)

A week after Dunkel posted his message on Facebok, the trustees invited Dunkel to the fire company's next meeting.  (Id. ¶¶ 7, 11, 22).  As the mayor of Mount Carbon, however, Dunkel's work schedule prohibited him from attending.  (Id.)  At the fire company's next meeting, the trustees

provided a letter to its members accusing Dunkel of furnishing alcohol to non-members and posting fire company business online.[1]  Based upon these allegations, the trustees terminated Dunkel's membership.  (Id. ¶¶ 22, 25).

 Over the next seven months, Dunkel made several unsuccessful attempts to gain reinstatement with the fire company.  (Id. ¶¶ 26-32).  Eventually, the trustees invited Dunkel to a meeting on November 19, 2012.  (Id. ¶ 32).  At the meeting, the trustees refused to explain why Dunkel was terminated.  (Id. ¶ 34).  Instead, the trustees stated "our lips are sealed."  (Id. ¶ 35).  Moreover, the trustees "took no vote or other action on Mayor Dunkel's request for reinstatement."  (Id. ¶ 42).  Additionally, after the meeting, the trustees handed out copies of their March 17, 2012 letter to anyone in the general public who asked for a copy.  (Id. ¶¶ 38, 40).

In response to his termination from the fire company, Dunkel filed a

---

[1] The fire company's March 17, 2012 letter states:

> Jeff Dunkel is being brought up on charges for serving alcohol beverages to non-members on 3-1-12.  Also, Jeff posted on Facebook about possibility of charges for leading a search and/or rescue of a missing person thus discussing company business in a public format.  Noted that the sale of alcohol was witnessed by an active member and company cameras . . . .
> Sincerely,
> [Fire Company] Trustees

(Compl. ¶ 38).

three-count complaint pursuant to 42 U.S.C. § 1983 ("section 1983"). Count I alleges the trustees and Mt. Carbon/North Manheim Fire Company (collectively "defendants") deprived Dunkel of a constitutionally protected property interest in his membership with the fire company in violation of the Fourteenth Amendment. Count II asserts a First Amendment retaliation claim against the defendants. Count III avers the defendants deprived Dunkel of a liberty interest in his reputation in contravention of the Fourteenth Amendment. On May 2, 2013, defendants moved to dismiss all counts. The parties then briefed the issues bringing the case to its present posture.

**Jurisdiction**

The court has federal question jurisdiction over this civil rights action brought under 42 U.S.C. § 1983. <u>See</u> 28 U.S.C. § 1331 ("The district courts shall have original jurisdiction of all civil actions arising under the Constitution, laws, or treaties of the United States."); 28 U.S.C. §§ 1343(a)(3), (4) (granting district courts jurisdiction over civil actions brought to redress deprivations of constitutional or statutory rights by way of damages or equitable relief).

**Legal Standard**

Defendants filed their motion to dismiss the complaint pursuant to Federal rule of Civil Procedure 12(b)(6). The court tests the sufficiency of the

complaint's allegations when considering a Rule 12(b)(6) motion.  All well-

pleaded allegations of the complaint must be viewed as true and in the light

most favorable to the non-movant to determine whether, "'under any

reasonable reading of the pleadings, the plaintiff may be entitled to relief.'"

Colburn v. Upper Darby Twp., 838 F.2d 663, 665-66 (3d Cir. 1988) (quoting

Estate of Bailey by Oare v. Cnty. of York, 768 F.2d 503, 506 (3d Cir. 1985)).

The plaintiff must describe "'enough facts to raise a reasonable expectation

that discovery will reveal evidence of' [each] necessary element" of the claims

alleged in the complaint.  Phillips v. Cnty. of Allegheny, 515 F.3d 224, 234 (3d

Cir. 2008) (quoting Bell Atl. Corp. v. Twombly, 550 U.S. 544, 556 (2007)).

Moreover, the plaintiff must allege facts that "justify moving the case beyond

the pleadings to the next stage of litigation."  Id. at 234-35.  In evaluating the

sufficiency of a complaint the court may also consider "matters of public

record, orders, exhibits attached to the complaint and items appearing in the

record of the case."  Oshiver v. Levin, Fishbein, Sedran & Berman, 38 F.3d

1380, 1384 n.2 (3d Cir. 1994) (citations omitted).  The court does not have to

accept legal conclusions or unwarranted factual inferences.  See Curay-

Cramer v. Ursuline Acad. of Wilmington, Del., Inc., 450 F.3d 130, 133 (3d Cir.

2006) (citing Morse v. Lower Merion Sch. Dist., 132 F.3d 902, 906 (3d Cir.

5

1997)).

The federal rules require only that plaintiff provide "a short and plain statement of the claim showing that the pleader is entitled to relief," a standard which "does not require detailed factual allegations," but a plaintiff must make "a showing, rather than a blanket assertion, of entitlement to relief that rises above the speculative level." McTernan v. N.Y.C., 564 F.3d 636, 646 (3d Cir. 2009) (citations and internal quotations and quotation marks omitted). The "complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009) (quoting Twombly, 550 U.S. at 570). Such "facial plausibility" exists "when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." Id. (citing Twombly, 550 U.S. at 556). "[T]he factual detail in a complaint [cannot be] so undeveloped that it does not provide a defendant the type of notice of claim which is contemplated by Rule 8." Phillips, 515 F.3d at 232 (citation omitted). "Though a complaint 'does not need detailed factual allegations, . . . a formulaic recitation of the elements of a cause of action will not do.'" DelRio-Mocci v. Connolly Props., Inc., 672 F.3d 241, 245 (3d Cir. 2012) (quoting Twombly, 550 U.S. at 555).

6

The Supreme Court has counseled that a court examining a motion to dismiss should, "begin by identifying pleadings that, because they are no more than conclusions, are not entitled to the assumption of truth." Iqbal, 556 U.S. at 679. Next, the court should make a context-specific inquiry into the "factual allegations in [the] complaint to determine if they plausibly suggest an entitlement to relief." Id. at 681.

**Discussion**

Dunkel asserts his claims pursuant to section 1983. Section 1983 does not, by its own terms, create substantive rights. Rather, it provides remedies for deprivations of rights established elsewhere in the Constitution or federal law. Kneipp v. Tedder, 95 F.3d 1199, 1204 (3d Cir. 1996). Section 1983 states in pertinent part:

> Every person who, under color of any statute, ordinance, regulation, custom, or usage, of any State or Territory or the District of Columbia, subjects, or causes to be subjected, any citizen of the United States or other person within the jurisdiction thereof to the deprivation of any rights, privileges, or immunities secured by the Constitution and laws, shall be liable to the party injured in an action at law, suit in equity or other proper proceeding for redress . . . .

42 U.S.C. § 1983. Thus, to establish a claim under section 1983, two criteria must be met. First, the conduct complained of must have been committed by a person acting under color of state law. Sameric Corp. of Del., Inc. v. City of

Phila., 142 F.3d 582, 590 (3d Cir. 1998).  Second, the conduct must deprive the plaintiff of rights secured under the Constitution or federal law.  Id.  Here, the parties do not contest the defendants were acting under state law. Rather, the parties disagree as to whether the defendants deprived Dunkel of his constitutional rights.

The defendants challenge Dunkel's constitutional claims on three grounds.  First, defendants argue that Count I should be dismissed because Dunkel failed to allege a constitutionally protected property interest entitling him to due process.  Second, defendants contend Count II should be dismissed because Dunkel's internet posting is not protected by the First Amendment.  Third, defendants aver Count III should be dismissed because Dunkel failed to allege the deprivation of a liberty interest in his reputation. We address defendants' arguments *in seriatim*.

### A.  Property Interest in Volunteer Fire Company

Defendants maintain that Count I fails to allege a violation of Dunkel's Fourteenth Amendment due process rights.  The Fourteenth Amendment to the United States Constitution provides that no state shall "deprive any person of life, liberty, or property, without due process of law . . . ."  U.S. CONST. AMEND. XIV.  The substantive due process clause is a "component of the

8

[Fourteenth Amendment] that protects individual liberty against 'certain government actions regardless of the fairness of the procedures used to implement them.'" Collins v. City of Harker Heights, 503 U.S. 115, 125 (1992) (quoting Daniels v. Williams, 474 U.S. 327, 331 (1986)).  However, "[t]he history of substantive due process counsels caution and restraint[,]" and "[e]ach new claim to [substantive due process] protection must be considered against a background of Constitutional purposes, as they have been rationally perceived and historically developed."  Regents of Univ. of Mich. v. Ewing, 474 U.S. 214, 229 (1985) (Powell, J., concurring) (citations and internal quotations omitted).

To establish a substantive due process claim, "'a plaintiff must prove [1] the particular interest at issue is protected by the substantive due process clause and [2] the government's deprivation of that protected interest shocks the conscience.'" Chambers ex rel. Chambers v. Sch. Dist. of Phila. Bd. of Educ., 587 F.3d 176, 190 (3d Cir. 2009) (quoting Chainey v. Street, 523 F.3d 200, 219 (3d Cir. 2008)).  When the challenged state action is non-legislative, courts assessing whether the particular interest is protected by the due process clause "look, as a threshold matter, to whether the property interest being deprived is 'fundamental' under the Constitution."  Nicholas v. Pa. State

Univ., 227 F.3d 133, 142 (3d Cir. 2000).  The Third Circuit Court of Appeals provides that "[f]undamental rights are rights that are 'deeply rooted in the Nation's history and traditions . . . [and] interests implicit in the concept of ordered liberty like personal choice in matters of marriage and family.'" Wrench Transp. Sys., Inc. v. Bradley, 340 F. App'x 812, 815 (3d Cir. 2009) (quoting Nicholas, 227 F.3d at 143).

The Third Circuit Court of Appeals has also stated that "[p]roperty interests are 'created and their dimensions defined by existing rules or understandings that stem from an independent source such as state law–rules or understandings that secure certain benefits and that support claims of entitlement to those benefits.'" Chambers, 587 F.3d at 194-95 (quoting Bd. of Regents of State Colls. v. Roth, 408 U.S. 564, 577 (1972)). To have a protected property interest in a benefit, "a person clearly must have more than an abstract need or desire for it.  He must have more than a unilateral expectation of it.  He must, instead, have a legitimate claim of entitlement to it.'"  Id. (quoting Roth, 408 U.S. at 577).  Moreover, due process does not apply when the property interest involved is "*de minimis*."  See Gross v. Lopez, 419 U.S. 565, 576 (1975).

In the present case, Dunkel argues that his membership in the fire

company is a constitutionally protected property interest. Specifically, Dunkel alleges that he will not qualify for the volunteer firefighter death benefit, receive life membership status nor utilize his training or the fire company's social hall. The defendants contend that Dunkel has failed to assert any property interest protected by the Fourteenth Amendment. After careful consideration, the court agrees with the defendants.

Dunkel failed to identify an individual property interest protected by the Fourteenth Amendment. Dunkel's use of the social hall and firefighter training are *de minimis* and inextricably tied to the position from which he was expelled. Versage v. Twp. of Clinton N.J., 984 F.2d 1359, 1370 (3d Cir. 1993). Similarly, Dunkel's life membership status and death benefit are *de minimis* because Dunkel cannot access these interests unless he is a member of the fire company. Id. In other words, Dunkel has failed to establish a legitimate claim of entitlement to an individual property interest. Chambers, 587 F. 3d at 195 (citation and internal quotation marks omitted).

Dunkel also argues that his right to appeal set forth in the fire company's policies entitles him to due process. The United States Supreme Court has explained, however, that the purpose of due process "is to protect a substantive interest to which the individual has a legitimate claim of

entitlement." <u>Olim v. Wakinekona</u>, 461 U.S. 238, 250 (1983). The court cannot skip its substantive analysis of Dunkel's alleged property interest and conclude that he has a right to due process. Rather, the court must first determine "whether the asserted individual interests are encompassed within the fourteenth amendment's protection of life, liberty, or property.'" <u>Chambers</u>, 587 F. 3d at 195 (citation omitted). If the court determines that Dunkel has sufficiently pled property interests encompassed by the Fourteenth Amendment, then and only then, does the court determine what process is due. <u>Cleveland Bd. of Educ. v. Loudermill</u>, 470 U.S. 532, 541 (1985) (citation omitted). Accordingly, defendants' motion to dismiss Dunkel's Fourteenth Amendment property interest claim will be granted.[2]

## B. First Amendment Retaliation

Dunkel next argues that the defendants retaliated against him for his public comments regarding the fire company's activities. The Third Circuit has adopted a three-step test to evaluate a public employee's claim of retaliation for engaging in activity protected under the First Amendment. <u>See</u> <u>Hill v. City of Scranton</u>, 411 F.3d 118, 125 (3d Cir. 2005). First, the employee

---

[2] The court will deny this claim with prejudice as an amendment would be futile. <u>See</u> <u>Alston v. Parker,</u> 363 F.3d 229, 235 (3d Cir. 2004) (holding that district courts must permit a curative amendment within a set period of time unless such an amendment would be inequitable or futile).

must demonstrate that his activity is protected.  Id.  (citing Pickering v. Bd. of Educ., 391 U.S. 563 (1968)).  Second, the employee must establish that "the protected activity 'was a substantial factor in the alleged retaliatory action.'" Id. (quoting Mt. Healthy City Sch. Dist. Bd. of Educ. v. Doyle, 429 U.S. 274, 287 (1977)).  Third, "the employer may defeat the employee's claim by demonstrating that the same adverse action would have taken place in the absence of the protected conduct."  Id.

As to this first prong, the law provides that "[w]hen a citizen enters government service, the citizen by necessity must accept certain limitations on his or her freedom."  Garcetti v. Ceballos, 547 U.S. 410, 418 (2006).  The United States Supreme Court has explained that "public employees do not surrender all their First Amendment rights by reason of their employment. Rather, the First Amendment protects a public employee's right, in certain circumstances, to speak as a citizen addressing matters of public concern." Id. at 417.

A public employee's speech is protected under the First Amendment's Speech Clause when the speech pertains to "a matter of public concern, and the employee's interest in expression . . . [is] not  outweighed by any injury the speech could cause to the interest of the state as an employer in promoting

13

the efficiency of the public services it performs through its employees."

Watters v. City of Phila., 55 F.3d 886, 892 (3d Cir. 1995). Public employee

speech is considered to be on a matter of public concern "if it can be fairly

considered as relating to any matter of political, social, or other concern to the

community. This determination turns on the content, form and context of the

public employee's speech." Green v. Phila. Hous. Auth.,105 F.3d 882, 886

(3d Cir. 1997) (internal quotation marks and citations omitted).

In the instant case, Dunkel has not provided sufficient information

regarding the speech he engaged in for the court to make a reasoned

determination as to whether it is constitutionally protected. Dunkel asserts

that he "had posted on Facebook calling the trustees 'cowards' for

suspending him in a meeting without notice, and complaining that the

trustees suspended him for helping a family in need." (Id. ¶ 21). Additionally,

Dunkel "tagged" or linked some of the trustees to his Facebook post. (Id.)

Dunkel then claims these "public comments" are protected by the First

Amendment. (Id. ¶¶ 75, 77).

The court must accept as true all factual allegations of the complaint.

Dunkel's assertion that his speech is protected by the First Amendment,

however, is not a factual allegation, but rather, a conclusion of law. Thus, we

do not accept it as true.  See Fowler v. UPMC Shadyside, 578 F.3d 203, 210-211 (3d Cir. 2009) (explaining that when deciding a 12(b)(6) motion "[t]he District Court must accept all of the complaint's well pleaded facts as true, but may disregard any legal conclusions.").

The court must know the content, form and context of Dunkel's speech to determine whether his speech is by a private citizen on a matter of public concern, or whether it is speech by a dissatisfied employee that does not have any public import.  See Borough of Duryea, Pa. v. Guarnieri, 131 S.Ct. 2488, 2494 (2011) (finding that speech pertaining to the terms and conditions of an individual's  employment and individualized workplace grievances do not relate to matters of public concern); Swineford v. Snyder Cnty. Pa., 15 F.3d 1258, 1271 (3d Cir. 1994) (stating that "speech disclosing public officials' misfeasance is protected while speech intended to air personal grievances is not.").  Additionally, the court must know the privacy settings on Dunkel's Facebook page to determine if his statements were intended for public consumption.

Thus, Dunkel has not made sufficient allegations for the court to make a reasoned determination as to whether his speech is constitutionally protected.  As such, the court will dismiss Count II without prejudice and

provide Dunkel time to amend the complaint to properly allege a free speech violation.

## C. Deprivation of Liberty Interest in Reputation

Dunkel also claims that the defendants unconstitutionally infringed upon the individual liberty interest contained within his reputation.  The law provides that "[r]eputation alone is not an interest protected by the Due Process Clause."  <u>Versage</u>, 984 F. 2d at 1371 (citations omitted).  Rather, to make out a claim for a violation of a liberty interest in reputation, "a plaintiff must show a stigma to his reputation plus deprivation of some additional right or interest." <u>Hill v. Borough of Kutztown</u>, 455 F. 3d 225, 236 (3d Cir. 2006).  Under the "stigma-plus" test, the "creation and dissemination of a false and defamatory impression is the 'stigma,' and the termination [or deprivation of some additional right or interest] is the 'plus.'" <u>Id.</u>  The court addressees the "stigma" and "plus" factors in turn.

### 1. Stigma to Reputation

To satisfy the "stigma" prong of the test, "it must be alleged that the purportedly stigmatizing statement(s): (1) were made publicly and (2) were false." <u>Id.</u>  Here, Dunkel contends that statements contained within two letters drafted by the fire company were made public and are false.  The specific

statements state that Dunkel "is being brought up on charges for serving alcohol beverages to non-members on 3-1-12 . . . [and for posting] on Facebook about [the] possibility of charges for leading a search and/or rescue of a missing person thus discussing company business in a public format." (Compl. ¶¶ 32, 38). Dunkel avers that he did not commit any violations on March 1, 2012 because the fire company does not prohibit serving alcohol to nonmembers or assisting in a search and rescue. (Compl. ¶ 49-50). Reading the complaint in the light most favorable to Dunkel, the fire company's statements may go beyond inadequate performance or malfeasance and directly infringe upon Dunkel's reputation and integrity.

Moreover, Dunkel alleges that the trustees handed out copies of the statements to everyone who attended the November 19, 2012 fire company meeting and made them available to the general public. (Compl. ¶ ¶ 33, 40). Read in conjunction with Dunkel's factual averments, these allegations adequately allege the "stigma" prong of the "stigma-plus" test.

### 2. Deprivation of an Additional Right or Interest

The Third Circuit Court of Appeals has stated that "[s]tigma to reputation alone, absent some accompanying deprivation of present **or future** employment, is not a liberty interest protected by the fourteenth amendment."

Robb. v. City of Phila., 733 F. 2d 286, 294 (3d Cir. 1984) (citations omitted) (emphasis added). Thus, the court must determine whether Dunkel's termination as a volunteer firefighter may deprive him of present or future employment.

Dunkel contends that, as the mayor of Mount Carbon, the negative publicity will adversely affect his future employment as an elected official. (Compl. ¶¶ 59, 61-62). The defendants argue that Dunkel was fired from a volunteer position, which did not impact the employment that gives him his livelihood. After careful consideration, the court agrees with Dunkel.

Dunkel's employment as an elected official distinguishes him from other volunteer firefighters. As an elected official, Dunkel's reputation is inextricably linked to his ability to secure future employment as an elected official. Although discovery may reveal evidence that Dunkel has not suffered any negative publicity, at this stage in the litigation, the court finds that Dunkel's factual averments properly demonstrate his present or future employment as an elected official may be adversely affected by the fire company's termination. See McKnight v. Se. Pa. Transp. Auth., 583 F. 2d 1229, 1236 (3d Cir. 1978) (stating that a motion to dismiss should not be granted when the plaintiff has alleged substantial stigma adversely affecting future

employment).  Thus, Dunkel has properly pled the elements to satisfy the "stigma-plus" test.  Accordingly, the defendants' motion to dismiss Dunkel's reputation claim will be denied.

**Conclusion**

For the reasons set forth above, defendants' motion to dismiss will be granted in part and denied in part.  The motion will be granted with respect to Count I–Dunkel's Fourteenth Amendment property interest claim.  The court will dismiss Count II–Dunkel's First Amendment retaliation claim without prejudice to Dunkel filing an amended complaint.  The court will deny the motion in all other respects.  As such, the only pending claim is Count III–Dunkel's deprivation of the liberty interest in his reputation.  An appropriate order follows.

**IN THE UNITED STATES DISTRICT COURT**
**FOR THE MIDDLE DISTRICT OF PENNSYLVANIA**

| | | |
|---|---|---|
| JEFFREY DUNKEL, | : | No. 3:13cv638 |
| Plaintiff | : | |
| | : | (Judge Munley) |
| v. | : | |
| | : | |
| MT. CARBON/NORTH MANHEIM | : | |
| FIRE COMPANY *d/b/a/ Mt. Carbon* | : | |
| *Fire Company*, LARRY MOORE, | : | |
| CHRIS WALTERS, KYLE | : | |
| STROKELITUS, ROSE | : | |
| BOOTERBAUGH, LEN RADZIEWICZ | : | |
| and CAL ETHERINGTON, | : | |
| Defendants | : | |

::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::

## <u>ORDER</u>

**AND NOW**, to wit, this 9th day of September 2013, defendants' motion to

dismiss (Doc. 13) is hereby **GRANTED** in part and **DENIED** in part as follows:

1.     The motion is **GRANTED** with respect to plaintiff's Fourteenth

Amendment property interest claim, Count I, against the defendants.

Count I is **DISMISSED** with prejudice;

2.     The motion is **GRANTED** to the extent that plaintiff's First Amendment

retaliation claim, Count II, against the defendants is **DISMISSED** without

prejudice.  Plaintiff is directed to file an amended complaint within

fourteen (14) days from the date of this order to fix all of the defects set

forth in the accompanying memorandum pertaining to Count II.

3. The motion is **DENIED** in all other respects.

4. Defendants' shall file a responsive pleading fourteen (14) days from the date that plaintiff files an amended complaint or twenty-eight (28) days from the date of this order in the event plaintiff does not file an amended complaint.


**BY THE COURT:**


**s/ James M. Munley**
**JUDGE JAMES M. MUNLEY**
**United States District Court**